UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BRANDON MOBLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-CV-258-TAV-HBG |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Brandon Mobley ("Petitioner") initiated this action on April 25, 2016 when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his confinement under a state court judgment of conviction for two-counts of first-degree murder, one-count of aggravated robbery, and one-count of setting fire to personal property [Doc. 1]. Now before the Court is Respondent's motion to stay [Doc. 6] filed on April 13, 2017, and Respondent's motion to dismiss [Doc. 8] filed on September 27, 2017.

In the motion to dismiss, Respondent argues that the instant petition should be dismissed due to Petitioner's recent death [Doc. 8 p. 1]. Attached to the motion to dismiss, Respondent provided an affidavit of Kelly D. Young, an Assistant General Counsel for the Tennessee Department of Correction [Doc. 8-1] confirming Petitioner's death, along with incident reports pertaining to the death of Petitioner [Doc. 8-2]. The death of an inmate during the pendency of his or her habeas petition in federal court renders the habeas action moot and deprives the federal court of jurisdiction over the case. *See Dove v. United States*, 423 U.S. 325 (1976); *Hailey v. Russell*, 394 U.S. 915 (1969); *Waclawski v. Romanowski*, No. 2:12-CV-10863, 2013 WL 607774, at *1

(E.D. Mich. Feb. 19, 2013).  Thus, due to Petitioner's death on September 24, 2017, his petition for writ of habeas corpus is now moot and this action must be dismissed.

Accordingly, the Court finds Respondent's motion to dismiss [Doc. 8] is **GRANTED**.  As a result, Respondent's previously filed motion to stay [Doc. 6] is **DENIED AS MOOT**.  This case will be **DISMISSED.**

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE